JEROME et al. v. JOHNSON et al.

(Supreme Court, Special Term, New York County. August 14, 1899.)

INFRINGEMENT OF TRADE-MARK.
> Where defendant uses as a trade-mark a label which, while different in detail from that used by plaintiff, has the same general appearance, is of paper of the same color, resembles plaintiff's trade-mark in its prominent features, and is placed on packages in size, shape, and appearance like those of plaintiff, it constitutes an infringement, and plaintiff is entitled to an injunction restraining its use.

Bill by John Jerome and others against George T. Johnson and others. Motion for injunction pendente lite. Granted.

Wm. C. Reddy, for plaintiffs.
Fromme Bros., for defendants.

McADAM, J. Exhibits B and D, annexed to the complaint, clearly simulate the label which the plaintiffs have been using for the past 10 years in their business. When the labels are examined together, there are many differences; but the general appearance of the label, the color of the paper, and resemblance of the prominent features which go to make up the whole, taken in connection with the fact

that the label is placed on packages in size, shape, and appearance like those of the plaintiffs, are well suited to divert the attention of the purchaser from a critical examination that might correct the impression made by casual inspection. McLean v. Fleming, 96 U. S. 245; 26 Am. & Eng. Enc. Law, 422, 429; Lever v. Goodwin, 36 Ch. Div. 1. What degree of resemblance is necessary to constitute an infringement is incapable of exact definition, as applicable to all cases. All that courts of justice can do in that regard is to say that no trader can adopt a trade-mark so resembling that of another trader as that ordinary purchasers, buying with ordinary caution, are likely to be misled. Where the similarity is sufficient to create a false impression in the public mind, and is of a character to mislead and deceive the ordinary purchaser in the exercise of ordinary care and caution in such matters, it is sufficient to give the injured party a right to redress. Manufacturing Co. v. Spear, 2 Sandf. 599; Cod. Dig. 109; McAndrew v. Bassett, 4 De Gex, J. & S. 380.

The preliminary objections urged by the defendants are overruled, and as to the labels, Exhibits B and D, the plaintiffs are entitled to the injunction prayed for, with $10 costs to abide the event. Settle order on two days' notice.